

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OLE K. NILSSEN and GEO FOUNDATION, LTD., | ) |
| Plaintiffs, | ) |
| v. | ) No. 01 C 3585 |
| | ) Judge John W. Darrah |
| OSRAM SYLVANIA, INC. and OSRAM SYLVANIA PRODUCTS, INC., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Ole K. Nilssen and the GEO Foundation, Ltd. (collectively, "Nilssen"), filed suit against Defendants, Osram Sylvania, Inc. and Osram Sylvania Products, Inc. (collectively, "Osram"), for the alleged infringement of several patents. Plaintiffs originally alleged that Osram infringed twenty-six patents. Subsequently, Plaintiffs withdrew infringement allegations for fifteen of the twenty-six patents. Osram denied infringement and filed a counterclaim for declaratory judgment, alleging that the patents have not been infringed by Osram and that the patents in suit are invalid because Nilssen engaged in five types of inequitable conduct. Trial of the inequitable conduct issues was by the Court without a jury; and in July 2006, judgment was entered in favor of Osram and against Plaintiffs. Presently before the Court is Osram's Bill of Costs, Nilssen's Motion for Expert Deposition Fees, and Osram's Motion for Attorneys' Fees.

**Osram's Bill of Costs**

"Costs . . . shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). Recoverable costs, as set forth in 28 U.S.C. § 1920, include: (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court- appointed experts and interpreters.

There is a strong presumption favoring the award of costs to the prevailing party. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997) (*Weeks*). "The presumption is difficult to overcome, and the district court's discretion is narrowly confined – the court must award costs unless it states good reasons for denying them." *Weeks*, 126 F.3d at 945.[1]

*Timeliness of Bill of Costs*

Nilssen argues that Osram's Bill of Costs is untimely. Local Rule 54.1(a) requires that a bill of costs be filed within thirty days of the entry of judgment. Judgment was entered in Osram's favor on July 5, 2006. Osram filed their Bill of Costs on July 28, 2006. Accordingly, the Bill of Costs was timely filed.

*Fees of the Clerk*

Osram seeks $50.00 incurred for the *pro hac vice* admission of an attorney because of his expertise regarding the highly technical nature of the patents at issue. However, attorney admission fees are not a recoverable cost. *See Abrams v. Van Kampen Funds, Inc.*, 2006 WL 452419 (N.D. Ill.

---

[1] In its response brief, Nilssen presents multiple arguments against certain costs. Several of Nilssen's objections were resolved in Osram's reply brief, in which Osram modified certain requests based on Nilssen's opposition. These costs are awarded based on Osram's concessions to Nilssen's objections and will not be addressed.

2

Feb. 21, 2006); *Liquid Dynamics Corp. v. Vaughan Co.*, 2002 WL 31207212 (N.D. Ill. Oct. 2, 2002); *International Oil, Chem. & Atomic Workers, Local 7-517 v. Uno-Ven Co.*, 1998 WL 895557 (N.D. Ill. Dec. 14, 1998); *but see United States v. Emergency Med. Assoc. of Ill., Inc.*, 436 F.3d 726, 730 (7th Cir. 2006) (affirming, without discussion, the award of *pro hac vice* fees as a cost in a False Claims Act case). The $50.00 admission fee is denied.

### *Process Server Fees*

Osram seeks $1,176.90 in process server fees. Fees for private process servers are recoverable under 28 U.S.C. § 1920(1) provided that their rates do not exceed the cost of service of process had the U.S. Marshals effectuated service of process. *See Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996) (*Collins*). The allowable costs for service of process by the U.S. Marshals is $45 per hour for each item served plus travel costs and any other out-of-pocket expenses. 28 C.F.R. § 0.114(a)(3).

Osram seeks $269.40 for service upon John Giorgis. The supporting invoices indicate that service was attempted/made twice. The supporting invoices also claim a service fee of $94.70 and a "forwarding fee" of $40.00. The invoices do not indicate the time expended for service nor travel expenses. Based on the lack of documentation justifying the second service, Osram is awarded $45.00, based on one hour for service of Giorgis.

Osram seeks $208.25 for service upon Dale Fiene and Robert Schneider. The supporting invoice indicates service took three hours and an additional $73.25 in expenses (mileage, tolls, research fees, and telephone). Based on the supporting documentation, Osram is awarded $208.25 ($135 + $73.25) for service upon Fiene and Schneider.

Osram seeks $480.00 for service upon Pullman and Comley. Osram's supporting invoice indicates two service fees of $240 each. Osram states that the first attempt at service was unsuccessful because Pullman and Comley could not be located at the first designated location. The process server billed a flat rate of $240 for each service, and the invoices do not indicate the time expended for service or any other expenses to effectuate service. Based on the documentation presented, Osram is awarded $90.00, based on one hour for service for each service upon Pullman and Comley.

Osram seeks $82.25 for service upon Tracy Bilbrough. The supporting invoice indicates service took 1-½ hours and expenses of $14.75. Nilssen opposes an award of service fees for Bilbrough because she was never deposed. However, by agreement of the parties in order to limit certain discovery until after the inequitable conduct trial Bilbrough was not deposed. Osram served Bilbrough in good faith prior to the close of discovery; accordingly, the fee is recoverable. *See Ernst v. Anderson*, 2006 WL 163024 (N.D. Ill. Jan. 18, 2006) (allowing fees for service upon witness who did not testify because service was effectuated in good faith). Osram is awarded $82.25 ($67.50 + $14.75) for service upon Bilbrough.

Osram seeks $137.00 for service upon Thomas Russo. The supporting invoice indicates: a flat rate of $90.00, an advance witness fee check of $49.14, a fuel surcharge of $2.00, and a forwarding fee of $45.00. Nilssen opposes any award of service fees for Russo because Russo, like Bilbrough, was not deposed. Osram served Russo in good faith; accordingly, properly documented fees may be awarded. Based on the documentation presented, Osram is awarded $45.00, based on one hour for service upon Russo.

Based on the above, Osram is awarded a total of $470.50 for process server fees.

*Court Reporter Fees*

Osram seeks a total of $48,271.67 in court reporter fees. The costs of deposition transcripts "necessarily obtained for use in the case" are authorized by 28 U.S.C. § 1920(2). The "transcripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough that they are "reasonably necessary." *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993). The Judicial Conference has established $3.30 as the rate per page for an original transcript, $4.40 per page for each expedited copy, $0.83 per page for the first copy of a transcript, and $0.55 per page for each additional copy to the same party. Postage or delivery costs are considered ordinary business expenses and are not chargeable in relation to obtaining transcripts. *See Alexander v. CIT Tech. Fin. Serv.*, 222 F. Supp. 2d 1087, 1090 (N.D. Ill. 2002); *Antonson v. United Armored Serv., Inc.*, 2002 WL 908424 (N.D. Ill. May 6, 2002); COURT REPORTER MANUAL, ch. 20, pt. 20.9.4.

Nilssen opposes Osram's recovering the costs of both a stenographic and a videotape of the same deposition, with the exception of one individual who lived outside the Court's subpoena power. Federal Rule of Civil Procedure 30(b)(2) provides that a deposition "may be recorded by sound, sound-and-visual, or stenographic means . . . ." The costs of both stenographic transcription and a videotape of the same deposition may be recoverable if both are necessary and reasonable. *See Engate v. Esquire Deposition Serv.*, 2006 WL 695650 (N.D. Ill. March 13, 2006); *see also Commercial Credit Equip. Corp. v. Stamps*, 920 F.2d 1361, 1368-69 (7th Cir. 1990) (videotaped deposition taxable as a substitute for stenographic transcription). Other than the videotaped deposition of Lars Evensen, who resides in Norway, Osram has failed to demonstrate that *both* the videotape and stenographic transcript were reasonable and necessary. Accordingly, the costs related to the videotaped depositions, except as to Evensen, are not recoverable.

Nilssen opposes the costs for obtaining expedited transcripts. Costs for expedited transcripts are recoverable if the expedited transcripts were reasonable and necessary. *See Ochana v. Flores*, 206 F. Supp. 2d 941, 945 (N.D. Ill. 2002). Generally, Osram contends that expedited transcripts were reasonable and necessary because the depositions were near the time of trial or other Court-imposed deadlines. However, with the exception of the deposition and transcript of William Harnisch, Osram does not sufficiently demonstrate that expedited transcripts were reasonable and necessary. Harnisch, was deposed during trial due to Nilssen's failure to timely disclose an advice-of-counsel defense. Accordingly, expedited transcript costs, at the rate of $4.40 per page, are awarded for the trial transcripts and Harnisch's deposition; the remaining transcripts are awarded at the rate of $3.30 per page.

Osram objects to court reporter charges for copying exhibits used at depositions. Costs for exhibits are recoverable if the exhibits were reasonable and necessary, in that they aid in understanding an issue in the case. *See Cefalu v. Village of Elk Grove*, 211 F.3d 416, 428 (7th Cir. 2000) (*Cefalu*); *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 456 (7th Cir. 1998) (disallowing costs for extra copies of exhibits at deposition that were already in parties' possession). The instant case was document intensive, and some of the factual issues presented were extremely complex. However, Osram has not demonstrated that copies of the exhibits were reasonable and necessary for the depositions, especially in light of the number of exhibits copied by the court reporter services. For example, for two days of Nilssen's deposition, 837 pages of exhibits were scanned and copied. Therefore, the costs for copies of exhibits for the depositions are denied.

Nilssen objects to the travel costs and interpreter fees for the deposition of Evensen in Norway. Nilssen argues that Evensen's deposition was unnecessary, and costs could have been

reduced if Osram had agreed to have Evensen submit to a deposition on written questions. Evensen is Ole Nilssen's nephew, and his conduct as the sole executive of the Geo Foundation was an important component of Osram's claim of inequitable conduct against Nilssen through the Geo Foundation. The need to obtain information from Evensen in his executive capacity regarding suspected sham operations of the foundation was highly relevant and necessary. The costs associated with taking the deposition in Norway, because Evensen refused to make himself available in the United States, were reasonable. Accordingly, these costs are awarded.

Based on the above and the documents submitted in support of the court reporter fees, they are found to be reasonable and necessary. Osram is awarded a total of $29,368.25 in court reporter fees.

*Witness Fees*

Osram seeks a total of $9,752.57 in witness fees. This total includes witness attendance at the allowable cost of $40.00 per day and witness travel costs. Non-party witnesses and normal travel expenses are taxable pursuant to Section 1920(3) and L.R. 54.1. *See Vardon Golf Co. v. Kartsen Mfg. Corp.*, 2003 WL 1720066 (N.D. Ill. March 31, 2003).

Nilssen objects to certain witness fees. Nilssen argues that travel expenses for one of Osram's experts in December 2005 should not be allowed because the expert did not testify in December 2005 because the trial was rescheduled to February 2006. However, Osram did not have prior knowledge that the trial was going to be rescheduled and made its expert available for the then-immanently pending trial. *See Kingsdown Med. Consultants, Ltd. v. Hollister Inc.*, 1988 WL 119098 (N.D. Ill. Nov. 1, 1988) (awarding witness fees for days that the court postponed trial). Accordingly, these costs are recoverable.

Nilssen also argues that Osram improperly seeks witness fees and travel expenses for more days than certain witnesses were present during trial. However, Osram has adequately explained in detail why the disputed witnesses were at trial for the number of days requested, *i.e.*, Goffney testified on February 6 and 8 (trial testimony was not taken on February 7), and he observed the February 9 testimony in preparation for possible rebuttal testimony.

Based on the above, Osram is awarded $9,752.57 in witness fees.

*Expert Fees*

Osram seeks $100,840.81 for expert-fee costs incurred in responding to discovery, preparing for depositions, and attending depositions. Federal Rule of Civil Procedure Rule 26(b)(4)(C)(i) provides, in pertinent part: "Unless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision." This Rule allows for compensation for reasonable time spent by an expert *preparing for his deposition* and for his actual deposition. *See Profile Prod. v. Soil Mgt. Tech., Inc.*, 155 F. Supp. 2d 880, 886 (N.D. Ill. 2001) (emphasis added); *Collins v. Village of Woodridge*, 197 F.R.D. 354, 357 (N.D. Ill.1999) (*Collins*). Travel costs are also recoverable. *See M.T. McBrian, Inc. v. Liebert Corp*, 173 F.R.D. 491, 493 (N.D. Ill. 1999).

Nilssen objects to expert-fee costs for time the expert spent on tasks other than related to discovery regarding that expert's opinion. Specifically, the time one of Osram's experts spent attending another of Osram's expert's deposition and the time Osram's experts spent assisting Osram in responding to discovery. As quoted above, the Rule provides for reasonable fees "spent in responding to discovery *under this subdivision*." (Emphasis added). The relevant subdivision is for discovery related to Osram's experts' opinions. *See* Fed. R. Civ. P. 26(b)(4); *Collins*, 197 F.R.D.

at 357. Accordingly, the expert fees requested for time assisting Osram in responding to unrelated discovery or attending another expert's deposition are not recoverable.

Based on the above, Osram is awarded $21,628.41 for expert witness costs as to Goffney based on 46.50 hours of deposition preparation and deposition time at the rate of $450.00 per hour and $713.41 in travel expenses.

Osram seeks recovery for costs of 5 hours of deposition time and 61 hours of fees for Paveen Jain, identified as deposition preparation and other discovery matters. As stated above, fees for time spent for non-expert opinion discovery matters are not recoverable. The invoice submitted by Osram does not specify the number of deposition preparation hours. However, based on the extensive document review required, the complexity of the issues, and the breadth of the expert's report, a ratio of three times the length of the deposition is reasonable.[2] *See Collins*, 197 F.R.D. at 358 (finding that a one-and one-half times the length of deposition time was reasonable based on the extent of the expert's report and complexity of the case). Accordingly, Osram is awarded $10,899.40 for expert witness costs as to Jain based on 20 hours of deposition preparation and deposition time at the rate of $400.00 per hour and $2,899.40 in travel expenses.

Osram seeks recovery for costs of 13.25 hours of deposition time, 75.5 hours identified as deposition preparation, 74.5 hours identified as deposition preparation and discovery-related time, and 95 hours for other discovery-related time for Carlile Stevens. As stated above, expert fees for time spent for non-expert discovery matters are not recoverable. Based on the documentation submitted to the Court, Osram is awarded $41,703.68 for expert witness costs as to Stevens based

---

[2]This ratio is also consistent with the deposition preparation-deposition time ratio of Goffney.

on 88.75 hours of deposition preparation and deposition time at the rate of $450.00 per hour and $1,766.18 in travel expenses related to his deposition.

*Exemplification Fees*

Exemplification costs – such as expenses incurred in preparing maps, charts, graphs and photostats – are recoverable costs so "long as the means of presentation furthers the illustrative purpose" of the exhibit. *See Cefalu*, 211 F.3d at 428. As in all costs, the Court must still determine if the exemplification was reasonable and necessary. *See Cefalu*, 211 F.3d at 429. Costs associated with the preparation of the exhibit are recoverable; but other costs, such as conducting research and analysis of data reflected in the exhibit, are not recoverable. *See Cefalu*, 211 F.3d at 427 n.5.

Osram seeks a total of $241,988.02 in exemplification costs. Nilssen generally objects to the exemplification costs, arguing that Osram seeks to recover costs beyond the actual preparation of the exhibits – including costs associated with preparation, planning, research and analysis – and that the invoices do not provide sufficient information to determine if the costs are reasonable and necessary. Osram does seek to recover costs other than those associated with the preparation of the exhibits, *i.e.*, research and planning meetings – these costs are denied. However, the invoices that Osram provided contain sufficient detail to enable a determination of the reasonableness and necessity of the exhibits.[3] Based on review of the invoices, Osram is awarded costs of $118,371.98 for the exemplification.

---

[3]The Court notes that many issues in the instant case were factually complex and that the exhibits, with special mention of the timeline exhibit, were of significant assistance in understanding the relevant issues.

*Copying Costs*

Copies of documents attributable to production of discovery and of pleadings are recoverable. The copying cost must be reasonable; and, generally, a party may recover the costs associated with one copy of discovery production documents and two copies of pleading documents. *See Kulumani v. Blue Cross Blue Shield Ass'n*, 224 F.3d 681, 685 (7th Cir. 2000); *Baxter Int'l, Inc. v. McGaw, Inc.*, 1998 WL 102668 (N.D. Ill. March 3, 1998) (*Baxter*). Copies for a party's own use and correspondence are generally not recoverable. *See Kelleher v. Solopak Pharmaceuticals, Inc.*, 1997 WL 754032 (N.D. Ill. Nov. 19, 1997). The party seeking costs must provide sufficient information for the court to determine the necessity and reasonableness of the costs sought. *See Baxter*, 1998 WL 102668 at *1. Copying charges that are not discernable from the supporting documentation are not allowed, *see American Automotive Accessories v. Fishman*, 991 F. Supp. 995, 997 (N.D. Ill. 1998); *Falcon v. City of Chicago*, 2000 WL 1231403 (N.D. Ill. Aug. 28, 2000); however, the breakdown need not be so detailed as to render recovery of costs economically impossible, *Baxter*, 1998 WL 102668 at * 1.

Osram seeks costs for copies of documents, including two copies of 1,033 pages of "documents for discovery" at the cost of $0.10 per copy and two copies of 92,278 pages of "production documents" at $0.10 per copy and $0.05 for bates numbering. All of these documents are properly considered discovery-production documents. One copy of the discovery production documents is awarded. In light of the extensive number of documents, $0.05 per page is also awarded for bates stamping of the discovery-production documents. As to these documents, Osram is awarded $13,996.65.

Osram seeks $2,668.75 in costs for 2-1/2 copies (the parties agreed to split the cost of one copy) of 854 pages of color copies of deposition designations at the rate of $1.25 per page. Osram does not indicate why color copies of these deposition designations were necessary. Accordingly, these costs are granted at a copy rate of $0.10 per page for a total of $213.50.

Osram seeks $82.50 for a deposition video. This cost was reasonable and necessary for trial. Accordingly, this cost is awarded.

Osram seeks costs for 2-1/2 copies (the parties agreed to split the cost of one copy) of 28,822 pages of joint trial exhibits at the cost of $0.10 per copy and for 4 copies of 44,931 pages of Osram's trial exhibits at the cost of $0.10 per copy. Osram also seeks $8,850.36 in costs for scanning the exhibits on a compact disc that was provided to the Court. Nilssen objects to the number of copies. Osram may be reimbursed for three of the four copies – one for the opposing party, one for the court, and one witness copy. Accordingly, Osram is awarded a total of $26,652.96 for these costs.

Osram seeks copying costs of four copies of 6,317 pages of pleadings at $0.10 per page. Costs for three copies are recoverable – two for the Court[4] and one for the opposing party. Accordingly, Osram is awarded a total of $1,895.10.

Osram seeks $194,909.59 in "miscellaneous copying" costs of 1,949,096 pages at the rate of $0.10 per page. Nilssen objects to these costs because the necessity and reasonableness of the charges cannot be specifically determined. In response, Osram provided a breakdown by month and a general description of the documents, *i.e.*, "trial, closing brief." While Osram need not identify every document in a complex and intensely litigated case as this, the monthly charges for copying

---

[4]Because most of the litigation took place before the electronic filing system was in place, two copies were filed with the Court.

and general description do not provide sufficient information for the Court to determine the necessity and reasonableness of the charges. For example, Osram identifies one as "trial," describing materials copied over a five month period. It cannot be determined if any of these copies are duplicative of those awarded above. Because the Court is unable to determine the necessity and reasonableness of these copies, these costs are denied.

Lastly, Osram seeks $37,025.24 in fees for copies of patent-related documents. Nilssen objects to Osram's receiving costs for two copies of certain parts of the Manual of Patent Examining Procedure ("MPEP"). Osram states that two copies of certain parts of the MPEP *may* have been obtained because copies were sometimes ordered by the law firm and a second copy was ordered by the law firm's outside vendor and because it often only ordered certain subsections of the MPEP, resulting in some duplication. Osram offers only speculation as to why two copies were obtained for certain sections of the MPEP and does not justify the need for the second copy; accordingly, the cost for the second copy is not awarded. Osram is awarded a total of $36,577.98 in copy costs for patent-related documents.

Based on the above, Osram is awarded a total of $311,613.48 on its Bill of Costs.

### Nilssen's Motion for Expert Deposition Fees

Nilssen seeks $66,140.00 for expert-witness deposition fees pursuant to Fed. R. Civ. P. 26(b)(4)(C)(I). Osram objects to Nilssen's obtaining expert-witness deposition fees, arguing that they should only be awarded to the prevailing party and that awarding the fees would be manifestly unjust.

As quoted above, Fed. R. Civ. P. 26(b)(4)(C)(I) allows the recovery of witness deposition fees, as long as awarding such fees would not result in a manifest injustice. The Rule is silent as to

awarding such fees only to a prevailing party. However, awarding these fees to Nilssen would result in a manifest injustice. Nilssen filed suit as to twenty-six patents and ultimately withdrew infringement claims for fifteen of the patents. But, before this, substantial funds were spent on the defense of the case based on the twenty-six patents. The Court's Opinion and Order found Nilssen intentionally engaged in inequitable conduct before the Patent and Trademark Office ("PTO") in prosecuting and maintaining the patents at issue and in the prosecution of the patent infringement suit as to these patents. Awarding the witness deposition fees incurred by Nilssen in the maintenance of this lawsuit would be a manifest injustice based on this conduct, as will be more fully discussed below. Accordingly, Nilssen's Motion for Expert Deposition Fees is denied.

### Osram's Motion for Attorneys' Fees

Osram moves for attorneys' fees pursuant to 35 U.S.C. § 285. Section 285 of Title 35 provides that a district court "in exceptional cases may award reasonable attorney's fees to the prevailing party." Consideration of an award of fees is a two-step process. First, the court must find that the case is an "exceptional case." If the court determines the case is exceptional, it then, in the exercise of its discretion, must decide whether to award attorney's fees. *Badalamenti v. Dunham's, Inc.*, 896 F.2d 1359, 1365 (Fed. Cir. 1990) (*Badalamenti*).

The party seeking attorneys' fees has the burden of proving that its case is exceptional by clear and convincing evidence. *Badalamenti*, 896 F.2d at 1364. Circumstances that support this finding include inequitable conduct in the procurement of a patent, willful infringement, vexatious or unjustified litigation, a frivolous suit or misconduct during litigation. *Standard Oil Co. v. American Cynamid Co.*, 774 F.2d 448, 455 (7th Cir. 1985). A frivolous infringement suit is one in which the patentee knew or, on reasonable investigation, should have known was baseless. An

inference of bad faith may be found through wrongful intent, recklessness, or gross negligence. *Eltech Sys. Corp. v. PPG Indus., Inc.*, 903 F.2d 805, 811 (Fed. Cir. 1990) (*Eltech*).

The Court's July 5, 2007 Opinion and Order, *Nilssen v. Osram Sylvania, Inc.*, 440 F. Supp. 2d 884 (N.D. Ill. 2006), found Nilssen engaged in five separate types of inequitable conduct with respect to the eleven patents that remained at issue. The inequitable conduct included intentionally: (1) misclaiming small entity status and improperly paying small entity fees; (2) failing to disclose ongoing, related litigation; (3) misclaiming priority to earlier filing dates; (4) withholding material prior art; and (5) submitting misleading affidavits to the PTO during patent prosecutions. Significantly, ten of the eleven patents were found to be unenforceable on multiple grounds of inequitable conduct, which repeated over a long period of time, by Nilssen, the sole inventor and *pro se* applicant. He was very knowledgeable regarding patent procedures and considered himself an expert in the field of patent prosecution.

Here, Nilssen, as he did at trial, continues to discount his culpability, arguing that his inequitable conduct does not constitute an exceptional case because the majority of his conduct relates "purely to technical violations." Nilssen fails to cite any supporting authority recognizing a distinction between "technical violations" and "non-technical violations." Instead, Nilssen relies on *Consolidated Aluminum Corp. v. Forseco Int'l Ltd.*, 716 F. Supp. 316 (N.D. Ill. 1989) (*Consolidated*), in support of his argument that his conduct does not warrant an exceptional-case finding. However, *Consolidated* provides no analysis to aid in the determination of this case as exceptional for purposes of Section 285, other than one sentence that amended the court's previous Finding of Fact to include the statement, "In the court's opinion, this is not an exceptional case warranting an award of attorney's fees under 35 U.S.C. § 285." *Consolidated*, 716 F. Supp. at 336.

Osram has demonstrated by clear and convincing evidence that Nilssen's inequitable conduct renders this case exceptional under Section 285. *See AGFA Corp. v. Creo Prod. Inc.*, 451 F.3d 1366, 1380 (Fed. Cir. 2006) (affirming award of attorney's fees where six patents were declared unenforceable on three theories of inequitable conduct, quoting the trial court's finding "Even among the subset of 'inequitable conduct' patent cases, this one must be considered exceptional."); *Paragon Podiatry Lab., Inc. v. KLM Labs., Inc.*, 984 F.2d 1182, 1192 n.9 (Fed. Cir. 1993) (addressing second ground of inequitable conduct because it may have a cumulative effect on the district court's determination of an exceptional case in connection with motion for attorney fees).

Osram also argues that it should be awarded attorneys' fees because Nilssen's lawsuit was frivolous.

As mentioned above, Nilssen was the sole inventor, *pro se* applicant, licensor, and litigant for the eleven patents that were held to be enforceable. Nilssen, a self-acknowledged expert in patent prosecution, had years of experience prosecuting and maintaining his patents at the time that he filed the instant suit. Nor is Nilssen a stranger to the courts, having filed multiple patent infringement cases at both the trial and appellate levels. When he filed this suit, Nilssen alleged infringement of twenty-six patents placing potentially several hundred claims at issue. Following discovery and shortly before the trial, Nilssen withdrew fifteen patents and forty-two claims.

Nilssen argues that this lawsuit was not frivolous because he has settled other actions against other parties based on claimed infringement of some of the same patents at issue in this case. This is irrelevant; there is no showing that the enforceability defenses presented in this case were raised in the other cases nor that the other defendants did not elect to settle rather than incur the expense of litigation.

Based on the above, Nilssen knew or should have known that this suit was baseless. *See Eltech*, 903 F.2d at 811; *Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp.*, 267 F.3d 1370, 1386 (Fed. Cir. 2001) (patentee with knowledge of his inequitable conduct "should be charged with the expense of defending against this frivolous lawsuit.").

Accordingly, Nilssen's filing of this frivolous lawsuit renders this case exceptional under Section 285.

Lastly, Osram argues that Nilssen's misconduct during this litigation also supports a finding of exceptional-case status for purposes of attorneys' fees pursuant to Section 285.

Osram intended to depose Lars Evensen, the sole executive and employee of the GEO Foundation and a plaintiff in the instant case. Nilssen refused to make Evensen available for a deposition in Chicago. Eventually, Evensen's deposition was taken in Norway. Evensen's deposition was material and was relevant to whether the GEO Foundation was a non-for-profit corporation for purposes of small entity payments as claimed.

Nilssen also abused the pre-trial process by initially claiming infringement of twenty-six patents without identifying which of the several hundred claims were infringed. When Nilssen produced a claim chart, the number of asserted patents increased to forty-one. Osram objected to the claim chart, and Nilssen was ordered to submit a revised claim chart limited to those patents at issue. Nilssen's revised claim chart asserted seventy claims in twenty patents. Although the new claim chart omitted six of the original twenty-six asserted patents, Nilssen did not formally dismiss these claims at that time. For approximately three years, the parties engaged in extensive discovery as to the seventy-six asserted claims. As mentioned above, weeks before the trial was to begin, Nilssen withdrew a total of fifteen patents and forty-two claims.

Nilssen's misconduct continued into trial. At trial, Nilssen argued that he was merely relying on his advice of counsel in believing that the GEO Foundation was a non-for-profit organization. However, Nilssen did not present this defense until the time of trial and previously withheld discovery from Osram relevant to this issue based on attorney-client privilege. In light of the last-minute assertion of this new defense and, therefore, lack of previous discovery, it was necessary for Osram to depose Nilssen's counsel during the time of trial. Nilssen also belatedly produced documents during trial and incredibly attempted to disavow his previous interrogatory response.

In whole, the above demonstrates by clear and convincing evidence that Nilssen engaged in litigation misconduct that supports a finding that the instant case was exceptional under Section 285.

Based on the above, Osram has demonstrated by clear and convincing evidence that the instant case constitutes an exceptional case pursuant to 35 U.S.C. § 285.

## CONCLUSION

For the foregoing reasons, Osram's Bill of Costs is granted in part and denied in part. Osram is awarded a total of $311,613.48 on its Bill of Costs. Nilssen's Motion for Expert Deposition Fees is denied. Osram's Motion for Attorneys' Fees is granted to the extent that the case is found to be exceptional pursuant to 35 U.S.C. § 285. The parties are directed to confer pursuant to Local Rule 54.3. A petition for fees shall be filed on or before sixty days from the date of entry of this Order. A response shall be filed one hundred and five days after the date of entry of this Order; and a reply shall be filed one-hundred-and-thirty-five days after the date of this Order.

Dated: January 23, 2007

JOHN W. DARRAH
United States District Court Judge

18